UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ROBERT S. PEREIRA, <br><br> Plaintiff, <br><br> v. <br><br> RUSHMORE LOAN MANAGEMENT SERVICES, LLC, AND J.P. MORGAN MORTGAGE ACQUISITION CORP., <br><br> Defendants. | Civil Action No. 1:24-cv-10979 |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that defendants Rushmore Loan Management Services, LLC, ("Rushmore") and J.P. Morgan Mortgage Acquisition Corp. ("J.P. Morgan") (Rushmore, together with J.P. Morgan, are collectively referred to as the "Defendants"), by and through its counsel, Day Pitney LLP ("Day Pitney"), and pursuant to Chapter 28, Sections 1332, 1441 and 1446 of the United States Code, hereby removes the civil action pending in the Trial Court of Massachusetts, Superior Court Department, Essex County, as Civil Action No. 2477CV00230 (the "State Court Action"), and all claims and causes of action therein, to the United States District Court, District of Massachusetts.

The grounds for removal are as follows:

### Service

1. On or about March 11, 2024, Plaintiff Robert S. Pereira ("Plaintiff") initiated the State Court Action by filing a Civil Complaint (the "Complaint") seeking, among other things, an award of money damages and a declaratory judgment that Defendants lack standing to foreclosure

118634255

and sell the property located at 26A Endicott Street, Peabody, Massachusetts 01960 (the "Property"), that any foreclosures and sales of the Property are ineffective, without force or effect and void, that any default notices sent are invalid and void, that any foreclosure sale conducted by Defendants be declared null and void, and that Defendants be enjoined from conducting any foreclosure auctions or conveyances of the Property.

2. Upon information and belief, Plaintiff has yet to effectuate service of process of the Complaint in accordance with Massachusetts' Rules of Civil Procedure.

3. This Notice of Removal was timely filed in this Court on April 16, 2024.

**Pleadings and Notice to State Court**

4. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings and orders filed in the State Court Action are attached to this Notice as Exhibit A.

5. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be promptly served upon Plaintiff and promptly filed with the Clerk of the Trial Court of Massachusetts, Superior Court Department, Essex County.

6. Pursuant to Rule 81.1(a) of the Local Rules, within twenty-eight (28) days after filing this Notice of Removal, Defendants will file with this Court certified or attested copies of all records and proceedings in the State Court Action and a certified or attested copy of all docket entries in the State Court Action.

**Timeliness of Removal**

7. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed, because Defendants have not been served with Plaintiff's Complaint and, therefore, this Notice of Removal is filed within thirty (30) days of Defendants' notice of the Complaint.

8. No prior removal of this action has been attempted.

**Statement of Grounds for Removal**

9. This action is within the jurisdiction of the United States District Court, District of Massachusetts pursuant to 28 U.S.C. § 1332, which provides in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States." See 28 U.S.C. § 1332(a)(l).

10. This action is removable because it is a civil action involving a matter in controversy exceeding the sum or value of $75,000.00 and the parties are citizens of different states under 28 U.S.C. § 1332.

**Venue**

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because this Court is the "district court of the United States for the district and division embracing" Essex County, Massachusetts, the place where the State Court Action is pending.

**The Parties are Citizens of Different States**

12. Plaintiff represented in the Complaint that he resides at the Property, which is located in the Commonwealth of Massachusetts.

13. Rushmore is a limited liability company with its principal place of business located at 15480 Laguna Canyon Road, Suite 100, Irvine, CA 92618. None of Rushmore's members are citizens of Massachusetts or maintain a principal place of business in Massachusetts.

14. J.P. Morgan is corporation with its headquarters located at 383 Madison Avenue, New York, NY 10017.

**The Amount in Controversy Exceeds the $75,000.00 Jurisdictional Threshold**

15.     The essence of the controversy in the instant matter is the claim made by Plaintiff that Defendants lack authority to foreclose on the mortgage given by Plaintiff to Mortgage Electronic Registration Systems ("MERS") acting solely as nominee for Fleet National Bank ("Fleet"), dated July 14, 2003, and recorded with the Registry of Deeds for Essex County, Massachusetts (the "Registry") in Book 21293, at Page 173, on July 18, 2003 (the "Mortgage"). *See* Exhibit B (a true and correct redacted copy of the Mortgage).

16.     The Mortgage was assigned by MERS as nominee for Fleet to PHH Mortgage Corporation ("PHH"), by virtue of an assignment dated September 28, 2010 and recorded with the Registry in Book 29826, at Page 273 on October 1, 2010 (the "First Assignment"). *See* Exhibit C (a true and correct copy of the First Assignment).

17.     The Mortgage was further assigned by MERS as nominee for Fleet to PHH, by virtue of an assignment dated April 2, 2013 and recorded with the Registry in Book 32402, at Page 109, on April 23, 2013 (the "Second Assignment"). *See* Exhibit D (a true and correct redacted copy of the Second Assignment).

18.     The Mortgage was further assigned by PHH to New Residential Mortgage LLC ("New Residential"), by virtue of an assignment dated November 20, 2017 and recorded with the Registry in Book 36355, at Page 524, on November 24, 2017 (the "Third Assignment"). *See* Exhibit E (a true and correct redacted copy of the Third Assignment).

19.     The Mortgage was further assigned by PHH, attorney-in-fact for New Residential to PHH, by virtue of an assignment dated December 21, 2017 and recorded with the Registry in Book 36448, at Page 458, on January 3, 2018 (the "Fourth Assignment"). *See* Exhibit F (a true and correct redacted copy of the Fourth Assignment).

20. The Mortgage was further assigned by PHH to New Residential, by virtue of an assignment dated November 8, 2020 and recorded with the Registry in Book 39156, at Page 363, on November 9, 2020 (the "Fifth Assignment"). *See* Exhibit G (a true and correct redacted copy of the Fifth Assignment).

21. The Mortgage was further assigned by New Residential by NewRez LLC f/k/a New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing, its attorney-in-fact ("Shellpoint"), to NewRez LLC d/b/a Shellpoint Mortgage Servicing, by virtue of an assignment dated March 11, 2021 and recorded with the Registry in Book 39686, at Page 191, on March 25, 2021 (the "Sixth Assignment"). *See* Exhibit H (a true and correct redacted copy of the Sixth Assignment).

22. The Mortgage was further assigned by Shellpoint to U.S. Bank Trust National Association, not in its individual capacity but solely as Owner Trustee for RCF 2 Acquisition Trust ("RCF 2"), by virtue of an assignment dated June 1, 2022 and recorded with the Registry in Book 41031, at Page 325, on June 28, 2022 (the "Seventh Assignment"). *See* Exhibit I (a true and correct redacted copy of the Seventh Assignment).

23. The Mortgage was further assigned by RCF 2 by Selene Finance LP, its attorney-in-fact, to J.P. Morgan, by virtue of an assignment dated January 9, 2023 and recorded with the Registry in Book 41431, at Page 075, on February 8, 2023 (the "Eighth Assignment"). *See* Exhibit J (a true and correct redacted copy of the Eighth Assignment).

24. The amount in controversy in this case meets the jurisdictional threshold for three reasons. First, the original principal amount of the Mortgage is two hundred and fifty thousand dollars ($250,000.00). As the First Circuit has held, the face value of a mortgage in a foreclosure matter is an acceptable measure of the amount in controversy for purposes of diversity jurisdiction. *See McKenna v. Wells Fargo Bank, N.A.*, 693 F.3d 207, 212 (1st Cir. 2012) (holding that "the face-

value-of-the-loan rule, of course, has the advantage of perfect simplicity . . . and unlike a rule based on the amount already paid or the balance still due, the face-value-of-the-loan approach cannot be manipulated through strategic timing of filing"); *Barbosa v. Wells Fargo Bank, N.A.*, No. CIV.A. 12-12236-DJC, 2013 WL 4056180, at *5 (D. Mass. Aug. 13, 2013) (holding, in part, that the original amount of the mortgage is an indication of the fair market value of the property).

25. Second, the unpaid principal balance of the Mortgage, was two hundred nine thousand six-hundred and thirty-nine dollars ($209,639.00) as of September 1, 2023, and the total underlying debt is significantly higher on account of the interest and advances that have accrued since September 1, 2023. Courts have also held that the amount owed under the loan is an acceptable measure of the amount in controversy for purposes of diversity jurisdiction. *See Garland v. Mortgage Elec. Registration Sys., Inc.*, 2009 WL 1684424, at *1-3 (D. Minn. Jun. 16, 2009) (holding, in part, that in a foreclosure the amount in controversy is the underlying debt of the property).

26. Finally, the online assessment database for Peabody, Massachusetts values the Property for the year 2024 at four-hundred and sixty thousand dollars ($460,000.00). *See* Exhibit K.

27. Where the plaintiff seeks equitable relief, the amount in controversy is measured by the value of the object at issue. *Issokson v. One West Bank, FSB*, No. 12-11743-LTS, 2013 U.S. Dist. LEXIS 2729, at *2 (D. Mass. Jan. 8, 2013). In a foreclosure action, the object of the litigation is the property. *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1983) (explaining that because "[t]he whole purpose of this action is to foreclose [defendant] from selling this property," the object of the litigation was the property); *Reyes v. Wells Fargo Bank, N.A.*, No. C-10-01667, No. 2010 WL 262985, at *4 (N.D. Cal. June 29, 2010) (stating that "if the primary

purpose of a lawsuit is to enjoin a bank from selling or transferring property, then the property is the object of the litigation"). In cases that seek equitable relief against foreclosure sales, the fair market value of the property to be foreclosed upon is an acceptable measure of the amount in controversy for purposes of diversity jurisdiction. *Barbosa*, 2013 WL 4056180, at *5 (holding, in part, that the appraisal of the property is an indication of the value of the property).

28. Thus, because the face value of the Mortgage and the assessed value of the Property exceed the $75,000.00 jurisdictional minimum, the amount in controversy requirement is satisfied.

**WHEREFORE**, for the reasons set forth above, Defendants respectfully remove the State Court Action to this Court.

Respectfully submitted,

**RUSHMORE LOAN MANAGEMENT SERVICES, LLC, and J.P. MORGAN MORTGAGE ACQUISITION CORP.,**

By their attorneys,

*/s/ Michael K. Lane*
Michael K. Lane (BBO#)
mlane@daypitney.com
DAY PITNEY LLP
One Federal Street, 29th Floor
Boston, MA 02110
DATED: April 17, 2024    Tel.: (617) 345-4624

## **CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic (NEF) and paper copies will be sent to those indicated as non-registered participants on April 17, 2024.

*/s/ Michael K. Lane*
Michael K. Lane
